# **EXHIBIT A**

Case: 1:18-cv-06670 Document #: 94-3 Filed: 10/12/20 Page 2 of 2 PageID #:1078

 Gmail                                                                                             Steve Shebar <steveshebar@shebarlaw.com>

## Safety Socket v. Relli / Your request for TM information
1 message

**Steve Shebar** <steveshebar@shebarlaw.com>                                                                       Wed, Jan 29, 2020 at 12:39 PM
To: "Fieweger, James P (35849)" <jpfieweger@michaelbest.com>
Cc: "Isaac, Carolyn E (35871)" <ceisaac@michaelbest.com>, "Laff, Charles A (32140)" <CALaff@michaelbest.com>
Bcc: Jim Erbs <jerbs@earthlink.net>, "Lisa K. Shebar" <lisashebar@gmail.com>

Jim - Per our phone conversation yesterday, I am attaching PTO documents reflecting and relating to the current registration for Safety Socket's banded knurl design mark. I am also attaching the recorded assignment of that mark from Safety Socket Screw Corp. to Safety Socket LLC. Given that this registration is prima facie evidence of the mark's validity and given your answer to paragraph 15 of the complaint, which admits that Relli is without knowledge or information as to the validity of Safety Socket's trademarks, we request that you withdraw Relli's affirmative defenses number 7 and 8. Failing such withdrawal, we ask that you provide us with the factual and legal basis for any claim that Safety Socket's federally-registered banded knurl design mark is invalid. Failing either of the foregoing, we will make a motion to dismiss these defenses and will seek our costs of doing so.

In addition, you have indicated that Relli intends to withdraw its affirmative defense based on purported lack of personal jurisdiction. Please advise us when that will be filed so we can avoid motion practice on that defense as well.

As for your request for documents relating to Safety Socket's common law word, and word and design marks, we note that paragraph 15 of the complaint asserts ownership and exclusive and continuous use of these marks, as trademarks, since 1960 and 2004, respectively. Your answer to that allegation admits that your client is "without knowledge or information sufficient to form a belief as to whether the allegations of Paragraph 15 of the Complaint are true." Your affirmative defense that purports to attack the validity of these marks is therefore admittedly based on nothing. Nonetheless, in the interest of putting this matter to rest without expending significantly more time and attorneys' fees, we will provide records reasonably available to us as soon as we have them.

Steve

--
SHEBAR LAW FIRM
0N370 Fanchon Street
Wheaton, IL 60187
708.434.5669
630.877.6833 (cell)
*******************

CONFIDENTIALITY NOTICE: This electronic mail message and any attached files contain information intended for the exclusive use of the individual or entity to whom it is addressed and may contain information that is proprietary, privileged, confidential and/or exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any viewing, copying, disclosure or distribution of this information may be subject to legal restriction or sanction. Please notify the sender, by electronic mail or telephone, of any unintended recipients and delete the original message without making any copies.

**3 attachments**

- **SSLLC TM rec 1.pdf**
  148K
- **SSLLC TM rec 2.pdf**
  1497K
- **SSLLC TM assignment.pdf**
  128K