# EXHIBIT B

# Shebar Law

**Steven M. Shebar, Attorney-at-Law**
0N370 Fanchon St., Wheaton, Illinois 60187
Phone / Text: 630.877.6833
steveshebar@shebarlaw.com

September 10, 2020

**VIA EMAIL**
James P. Fieweger
jpfieweger@michaelbest.com
Carolyn E. Isaac
ceisaac@michaelbest.com
Michael Best & Friedrich LLP
River Point
444 W. Lake St., Ste. 3200
Chicago, IL 60606

Re: Safety Socket LLC v. Relli Technologies, Inc. / Request for Document Identifications

Dear Jim and Carolyn:

In addition to other requests to which Safety Socket has already provided responses, you have asked us, in your letter of July 1, 2020, to "identify by Bates numbers the documents [we have] produced responsive to [Relli's] Request Nos. 5, 6, 9, 13, 17-21, and 23 or certify that none exist." You have also asked us to "confirm in writing whether Safety Socket is withholding documents based on its objections to Relli's document requests." Without waiving or prejudicing Safety Socket's right to identify other documents as relevant to any of Relli's document requests, our responses to these inquiries are as follows:

**Request No. 5. All documents and things, including correspondence, relating to Relli's alleged "up-certing" as alleged in the Complaint.**

As you are undoubtedly aware by now, up-certing encompasses many subject areas that are covered by numerous categories of documents.

(i) SSLLC_1001141-1165 is a Safety Socket presentation which details the process of up-certing and the potential hazards caused by Relli and others who engage in this conduct.

(ii) SSLLC_1000001-851 are documents that demonstrate Safety Socket's trademarks in use in commerce. Because up-certing violates Safety Socket's trademark rights, all of the trademark-related documents Safety Socket has produced are relevant to Relli's up-certing.

(iii) SSLLC_1000852-867 and SSLLC_10001490-1600 are Safety Socket's trademark registration and PTO filings which relate to Relli's up-certing for the reasons set forth above.

<u>SHEBAR LAW</u>
**Page -2-**

(iv) SSLLC_000001-149 and SSLLC_1001363-1489 relate to the specifications and standards that govern parts that Relli sells to its military and aerospace customers. Because the plating of commercial-grade parts does not satisfy or comply with these specifications and standards, these documents are relevant to Relli's up-certing.

(v) SSLLC_1001603-1664 are e-mails to and from Relli concerning one or more instances of Relli's up-certing.

**Request No. 6. All documents and things relating to the damages you allegedly sustained from Relli's conduct as alleged in the Complaint.**

SSLLC_000150-246 and SSLLC_1000873-1074 reflect Safety Socket's sales of military/aerospace-grade products to Relli and GDLS. The decrease in sales to both entities correlates inversely to Relli's purchases of commercial-grade products. This represents losses to Safety Socket caused by Relli's up-certing.

SSLLC_1001601-1602 reflect a calculation of the financial impact of lost sales of military/aerospace-grade product due to Relli's up-certing.

**Request No. 9. All documents and things relating to the statements made in the Affidavit of James Erb, dated September 28, 2020, filed in this lawsuit.**

To the extent this request is intended to refer to the Declaration of James Erbs, dated September 28, 2018, and filed in this lawsuit, Safety Socket responds that this declaration encompasses the entirety of the issues in this litigation. Accordingly, virtually every document Safety Socket has produced supports one aspect of this declaration or another.

**Request No. 13. All documents and things supporting all the statements made in paragraph 6 of Affidavit of James Erbs, dated March 20, 2015, filed in the USPTO during the prosecution of the application to register The Mark.**

See response 5 (iii), above.

**Requests No. 17-21. All documents and things relating to allegations [in paragraphs 66 - 119 of the Complaint].**

Safety Socket responds that these requests encompass the entirety of the claims and issues in this litigation. Accordingly, virtually every document Safety Socket has produced supports one or more of these allegations.

Request No. 23. All documents and things that support Safety Socket's assumptions, stated in its Responses Pursuant to the Court's Mandatory Initial Discovery Pilot Program, (1) that Relli filled 10 infringing orders per year in each of ten years, and (2) that Relli filled 25 infringing orders per year in each of ten years.

SHEBAR LAW
**Page -3-**

Safety Socket responds, as it did in its responses to Relli's document requests, that Relli's refusal to supply actual data has forced Safety Socket to supply a range of reasonably plausible assumptions, which will necessarily resolve to a single claim once the data is provided. We further call your attention to documents produced by third-parties Kanebridge Corporation and Electronic Plating Co., Inc., which we have previously forwarded to you. We further call your attention to our response to number 6, above.

As far as whether Safety Socket is withholding documents relating to these requests based on any of the objections set forth in its responses, we note now as we noted in those responses, that in many instances, the responsive documents would be so voluminous so as to render copying and delivering them to you unduly oppressive. Accordingly, Safety Socket reiterates its statements in those responses that these documents can be made available to you for inspection at a mutually agreeable time. Other than those documents, and documents covered by the attorney-client or work product privilege, Safety Socket is not withholding any documents on the basis of any objection set forth in its responses.

Sincerely,

/s/Steven M. Shebar